SUMMONS ISSUED

CV-12 0352

UNITED STATES DISTRICT COURT
EASTERN DIVISION OF NEW YORK
-----------------------------------------------------------------X
JACQUELINE PARK CASTILLO, as Administratrix of
The ESTATE OF VICTOR PARK CASTILLO, and
JACQUELINE PARK CASTILLO

                                   **Plaintiffs,**

                     **-against-**

TRUMP ENTERTAINMENT RESORTS, INC.,
TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC.
d/b/a/ TRUMP TAJ MAHAL and TRUMP TAJ
MAHAL, INC. d/b/a TRUMP TAJ MAHAL
CASINO RESORT, and XYZ Corp. (1-10)

                                  **Defendants.**
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 24 2012 ★
LONG ISLAND OFFICE

**COMPLAINT**

**DOCKET #:**
GLASSER, J.
GO, M.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Plaintiffs, by their attorneys, **NICHOLS & CANE, LLP**, as and for their complaint, respectfully allege as follows upon information and belief:

### JURISDICTION AND VENUE

      1.     The subject matter jurisdiction of this Court is involved pursuant to 28 U.S.C. Sec 1332(a)(1), as the action is one between the citizens of different States and the matter in controversy, exclusive of interests and costs, exceeds the sum of $150,000.00 as hereinafter more fully appears.

      2.     Venue is appropriate herein pursuant to 28 U.S.C. Section 1391 (a)(2) in that the plaintiffs reside in this district and substantial events giving rise to this claim occurred in this district.

### THE PARTIES

      3.     That at all times hereinafter mentioned, the plaintiff-decedent **VICTOR PARK CASTILLO** was a resident of the County of Queens, City and State of New York.

4.   That at all times hereinafter mentioned, plaintiff **JACQUELINE PARK CASTILLO,** was a resident of the County of Queens, City and State of New York.

5.   That on or about January 3, 2012, , letters of limited administration of the person and property of **VICTOR PARK CASTILLO,** deceased, were duly granted to plaintiff **JACQUELINE PARK CASTILLO,** wife of **VICTOR PARK CASTILLO,** deceased, by the Surrogate's Court, Queens County, thereupon duly qualified and thereafter acted and is still acting as Administratrix of the deceased's Estate.

6.   That at all times hereinafter mentioned, the defendant **TRUMP ENTERTAINMENT RESORTS, INC.** was and still is a corporation, with its principal place of business in the State of New Jersey.

7.   That at all times hereinafter mentioned, the defendant **TRUMP ENTERTAINMENT RESORTS, INC.** was and still is a domestic corporation with its principal place of business in the State of New Jersey.

8.   That at all times hereinafter mentioned, defendant **TRUMP ENTERTAINMENT RESORTS, INC.** was doing business within the State of New Jersey.

9.   That at all times hereinafter mentioned, defendant **TRUMP ENTERTAINMENT RESORTS, INC.** was actively conducting business in the State of New York.

10.   That at all times hereinafter mentioned, the defendant **TRUMP TAJ MAHAL** was and still is a corporation, with its principal place of business in the State of New Jersey.

11.   That at all times hereinafter mentioned, the defendant **TRUMP TAJ MAHAL** was and still is a domestic corporation with its principal place of business in the State of New Jersey.

12.   That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL** was doing business within the State of New Jersey.

13. That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL** was actively conducting business in the State of New York.

14. That at all times hereinafter mentioned, the defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL** was and still is a corporation, with its principal place of business in the State of New Jersey.

15. That at all times hereinafter mentioned, the **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL** was and still is a domestic corporation with its principal place of business in the State of New Jersey.

16. That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL** was doing business within the State of New Jersey.

17. That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL** was actively conducting business in the State of New York.

18. That at all times hereinafter mentioned, the defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT** was and still is a corporation, with its principal place of business in the State of New Jersey.

19. That at all times hereinafter mentioned, the **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT** was and still is a domestic corporation with its principal place of business in the State of New Jersey.

20. That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT** was doing business within the State of New Jersey.

21. That at all times hereinafter mentioned, defendant **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT** was actively conducting business in the State of New York.

22. That at all times hereinafter mentioned, the defendant **XYZ Corp.**(1-10) was and still is a corporation, with its principal place of business in the State of New Jersey.

23. That at all times hereinafter mentioned, the **XYZ Corp.** (1-10) was and still is a domestic corporation with its principal place of business in the State of New Jersey.

24. That at all times hereinafter mentioned, defendant **XYZ Corp.**(1-10) was doing business within the State of New Jersey.

25. That at all times hereinafter mentioned, defendant **XYZ Corp.**(1-10) was actively conducting business in the State of New York.

26. At all times herein mentioned, **TRUMP ENTERTAINMENT RESORTS, INC., TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC. d/b/a TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC., d/b/a TRUMP TAJ MAHAL CASINO RESORT and XYZ CORP. (1-10)**, (hereinafter collectively referred to as "**DEFENDANTS**" ), through their agents, servants, employees and/or assigned, owned, operated, managed, maintained, possessed, supervised and controlled real property known as **TRUMP TAJ MAHAL** aka **TRUMP TAJ MAHAL CASINO RESORT** located at or near 1000 Boardwalk and Virginia Avenue, Atlantic City, New Jersey, where plaintiff-decedent **VICTOR PARK CASTILLO** was caused to suffer severe personal injury, resulting in his death, thus providing jurisdiction over the defendants in the State of New York.

27. Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiffs reside within that district and that district is the most convenient for this action to be tried.

## AS AND FOR A FIRST CAUSE OF ACTION

28. That at all times hereinafter mentioned, the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the previous causes of action with the same force and effect as though the same were set forth at length herein.

29. Upon information and belief, and at all times hereinafter mentioned, defendants managed the **TRUMP TAJ MAHAL** .

30. Upon information and belief, and at all times hereinafter mentioned, defendants controlled the **TRUMP TAJ MAHAL** .

31. Upon information and belief, and at all times hereinafter mentioned, defendants maintained the **TRUMP TAJ MAHAL** .

32. At all times hereinafter mentioned, **DEFENDANTS**, operated an entity/business operating as hotel and Casino for registered guests in Atlantic City New Jersey..

33. At the time of the incidents against plaintiff-decedent, plaintiffs were registered guests at the Hotel.

34. At the time of the acts complained of herein, **DEFENDANTS** either individually or by and through their servants, employees and/or agents, actual or ostensible at the **TRUMP TAJ MAHAL** failed to provide a safe environment for patrons lawfully at **TRUMP TAJ MAHAL** .

35. At the time of the acts complained of herein, **DEFENDANTS** either individually or by and through their servants, employees and/or agents, actual or ostensible at the **TRUMP TAJ MAHAL** failed to provide proper security for patrons lawfully at **TRUMP TAJ MAHAL**.

36. At the time of the acts complained of herein, **DEFENDANTS** either individually or by and through their servants, employees and/or agents, actual or ostensible at the **TRUMP**

TAJ MAHAL failed to provide proper protection for patrons lawfully at **TRUMP TAJ MAHAL**.

38. At the time of the acts complained of herein, **DEFENDANTS** either individually or by and through their servants, employees and/or agents, actual or ostensible at the **TRUMP TAJ MAHAL** permitted criminals, prostitutes and other individuals conducting criminal activities to come into contact with Casino patrons lawfully at **TRUMP TAJ MAHAL**.

38. On or about January 25, 2010, the plaintiffs herein were paying guests of the **TRUMP TAJ MAHAL** in Atlantic City, New Jersey.

39. On or about the morning hours of January 25, 2010, plaintiff-decedent **VICTOR PARK CASTILLO**, while in the **TRUMP TAJ MAHAL** Casino, was confronted by two or more individuals and forcibly removed from said Casino, under threat of violence.

40. Upon information and belief, that during the time that plaintiff-decedent was forcibly being removed from said **TRUMP TAJ MAHAL** Casino, **DEFENDANTS** were negligent in not providing protection and proper security to its patrons.

41. Upon information and belief, that during the time that plaintiff-decedent was forcibly being removed from said **TRUMP TAJ MAHAL** Casino, **DEFENDANTS** were negligent in that they did not come to the assistance of plaintiff decedent who was dragged from the property, and did not provide protection.

42. That during the time that plaintiff-decedent was forcibly being removed from said **TRUMP TAJ MAHAL** Casino, **DEFENDANTS** were negligent in that they did not have working surveillance cameras and/or did not have security and/or adequate security despite the knowledge of criminals frequenting the Casino premises.

43. **DEFENDANTS** directly and/or through agents/employees as a hotel/inn keeper, owed a duty to the plaintiffs to utilize the highest degree of skill and care to insure that it provided the plaintiffs, as guests at the hotel, facilities which were reasonably safe and free from

burglary, robbery, and physical assault.

44. **DEFENDANTS** and/or his agents/employees were on notice of the propensity for criminal acts in the Hotel generally, and at the Casino specifically.

45. **DEFENDANTS** knew, or by using ordinary care should have known, that guests at the **TRUMP TAJ MAHAL** were susceptible to such attacks and that security measures and personnel were wholly inadequate to deter, prevent and respond to such attacks.

46. **DEFENDANTS** breached his duty of care and is directly and/or vicariously liable to Plaintiffs for negligently and carelessly failing to provide adequate security measures to prevent the attack of the plaintiff-decedent while a guest in the **TRUMP TAJ MAHAL**; in negligently and carelessly failing to install and/or surveillance equipment including cameras and monitors in the **TRUMP TAJ MAHAL**; in negligently and carelessly failing to warn the plaintiffs of the risk of assault and robbery when guests in the **TRUMP TAJ MAHAL**;  in negligently and carelessly failing to hire, staff and train adequate security personnel to protect the plaintiffs and other hotel and Casino guests in the **TRUMP TAJ MAHAL**; in negligently and carelessly failing to properly monitor the ingress and egress of non-guests at the **TRUMP TAJ MAHAL**;  in negligently and carelessly failing to hire, train, and supervise agents and employees at the **TRUMP TAJ MAHAL** about guest safety and crime prevention.

47. That the aforesaid accident was caused solely as a result of the negligence of the **DEFENDANTS** herein , their agents, servants, employees, contractors, subcontractors and other affiliated agencies and departments and those acting under their direction, behest permission and control and without any negligence on the part of the plaintiffs contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION

48.     That at all times hereinafter mentioned, the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the previous causes of action with the same force and effect as though the same were set forth at length herein.

49.     That by reason the foregoing, that on January 25, 2010, plaintiff-decedent **VICTOR PARK CASTILLO** was assaulted on **TRUMP TAJ MAHAL** premises, robbed of valuable items, kidnapped from said premises, removed under threat of violence and against his will, sustaining severe pain and suffering.

50.     As a result of the **DEFENDANTS** conduct, omissions and breaches of duty thereof, as aforementioned, the plaintiff-decedent **VICTOR PARK CASTILLO**, sustained mortal injuries, conscious pain and suffering, fear of impending death and emotional upset.

51.     By reason of the foregoing, plaintiff-decedent **VICTOR PARK CASTILLO**, is entitled to recover from the **DEFENDANTS** for severe pain and suffering suffered prior to his death.

52.     The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

53.     Jurisdiction is properly had over this matter pursuant to 28 USC 1332 since the parties are citizens of different states, and the amount in controversy exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.**

## AS AND FOR A THIRD CAUSE OF ACTION

54. That at all times hereinafter mentioned, the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the previous causes of action with the same force and effect as though the same were set forth at length herein.

55. That by reason the foregoing, that on January 25, 2010, plaintiff-decedent **VICTOR PARK CASTILLO** was assaulted on **TRUMP TAJ MAHAL** premises, robbed of valuable items, kidnapped from said premises, removed under threat of violence and against his will, sustaining physical pain and injury, trauma, resulting in his **wrongful death.**

56. As a result of the **DEFENDANTS** conduct, omissions and breaches of duty thereof, as aforementioned, the plaintiff-decedent **VICTOR PARK CASTILLO**, sustained mortal injuries resulting in his death, conscious pain and suffering, fear of impending death and emotional upset prior to his death.

57. By reason of the foregoing, the Estate of plaintiff-decedent **VICTOR PARK CASTILLO**, is entitled to recover from the **DEFENDANTS** for wrongful death.

58. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

59. Jurisdiction is properly had over this matter pursuant to 28 USC 1332 since the parties are citizens of different states, and the amount in controversy exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.**

## AS AND FOR A FOURTH CAUSE OF ACTION

60. That at all times hereinafter mentioned, the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the previous causes of action with the same force and effect as though the same were set forth at length herein.

61. At the time of his death, plaintiff-decedent **VICTOR PARK CASTILLO** left surviving him pecuniary heirs including his wife, plaintiff **JACQUELINE PARK CASTILLO** and two daughters, **EMILY** and **VICTORIA** who have been damaged by reason of the negligence and gross negligence of the **DEFENDANTS**.

62. As a result of the wrongful death of plaintiff-decedent, **VICTOR PARK CASTILLO,** compensatory damages and punitive damages to the **ESTATE OF VICTOR PARK CASTILLO** were sustained.

## AS AND FOR A FIFTH CAUSE OF ACTION

63. That at all times hereinafter mentioned, the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the previous causes of action with the same force and effect as though the same were set forth at length herein.

64. That at all times hereinafter mentioned, Plaintiff **JACQUELINEPARK CASTILLO** was the spouse of the Plaintiff-decedent **VICTOR PARK CASTILLO** and as such was entitled to the society, services and consortium of her spouse **VICTOR PARK CASTILLO.**

65. That by reason of the foregoing, Plaintiff **JACQUELINE PARK CASTILLO** was deprived of the society, services and consortium of the Plaintiff-decedent **VICTOR PARK CASTILLO** and shall forever be deprived of said society, services, companionship, support and consortium.

WHEREFORE, plaintiffs demands judgment in the amount of $10,000,000.00 for each cause of action; $25,000,000.00 in punitive damages, counsel fees recoverable under statutory actions or common law actions, and any other and further relief the court deems appropriate.

### TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues.

Dated: Syosset, New York
January 24, 2012

Yours, etc.

*(signature)*
REGINA C. NICHOLS, ESQ. (RN9762)
**NICHOLS & CANE, LLP**
Attorneys for Plaintiffs
6800 Jericho Turnpike – Suite 120W
Syosset, New York 11791
(516) 677-0066

UNITED STATES DISTRICT COURT
EASTERN DIVISION OF NEW YORK
-----------------------------------------------------------X

JACQUELINE PARK CASTILLO, as Administratrix of          DOCKET #:
The ESTATE OF VICTOR PARK CASTILLO, and
JACQUELINE PARK CASTILLO,

                                    Plaintiffs,

    -against-

TRUMP ENTERTAINMENT RESORTS, INC.,
TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC.
d/b/a TRUMP TAJ MAHAL and TRUMP TAJ
MAHAL, INC. d/b/a TRUMP TAJ MAHAL
CASINO RESORT,    and XYZ Corp. (1-10)

                                    Defendants.
-----------------------------------------------------------X

## SUMMONS and VERIFIED COMPLAINT

**NICHOLS & CANE, LLP**
Attorneys for Plaintiffs
6800 Jericho Tpke – Suite 120W
Syosset, New York 11791
TEL (516) 677-0066
FAX (516) 677-9363

## ATTORNEY CERTIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions contained in the above referenced documents are not frivolous.

Dated: Syosset, New York
        January 24, 2012

                                    REGINA C. NICHOLS, ESQ. (RN 9762)