UNITED STATES DISTRICT COURT
EASTERN DIVISION OF NEW YORK
------------------------------------------------------------------X   DOCKET #: CV0352-12

JACQUELINE PARK CASTILLO, as Administratrix of
The ESTATE OF VICTOR PARK CASTILLO, and
JACQUELINE PARK CASTILLO,

                                       Plaintiffs,

           -against-

TRUMP ENTERTAINMENT RESORTS, INC.,
TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC.
d/b/a/ TRUMP TAJ MAHAL and TRUMP TAJ
MAHAL, INC. d/b/a TRUMP TAJ MAHAL
CASINO RESORT, RODEWAY INN, CHOICE
HOTELS INTERNATIONAL, INC., CHOICE HOTELS
INTERNATIONAL, INC. d/b/a RODEWAY INN,
ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a
RODEWAY INN, ANWAR BELTON,
ERICKA PUGH, JANE DOE AND XYZ CORP. (1-10)

                                     Defendants.
------------------------------------------------------------------X

SUPPLEMENTAL
ATTORNEYS AFFIRMATION

REGINA C. NICHOLS, an attorney duly admitted to practice before the Courts of the State of New York, makes the following statements as true under the penalties of perjury:

1.     I am a partner in the firm NICHOLS & CANE LLP, attorneys of records for the Plaintiff, **JACQUELINE PARK CASTILLO, as Administratrix of The ESTATE OF VICTOR PARK CASTILLO, and JACQUELINE PARK CASTILLO** with offices at 6800 Jericho Tpke, Suite 120W Syosset, NY 11791.

2. This supplemental affirmation is being submitted on behalf of Plaintiff to authorize her to settle the pending action for the wrongful death and conscious pain and suffering of VICTOR PARK CASTILLO, deceased; to remove the limitations contained in the Letters of Administration issued to JACQUELINE PARK CASTILLO; to authorize the payment of attorneys fees and disbursements with regard to the aforesaid lawsuit.

3. The decedent VICTOR PARK CASTILLO died a resident of 35-23 191st St, 1st Floor, Flushing, New York 11358 on January 25, 2010. A copy of his death certificate is annexed hereto as "Exhibit A".

4. Annexed hereto as "Exhibit B" is a copy of Petition for Letters of Limited Administration filed on behalf of decedents wife JACQUELINE PARK CASTILLO dated December 16, 2011. Said petition lists 2 children of the decedent, [REDACTED] and [REDACTED] Decedent had no other distributes other than his wife JACQUELINE PARK CASTILLO and [REDACTED] [REDACTED].

5. On January 3, 2012, Limited Letters of Administration were issued to JACQUELINE PARK CASTILLO. The said Limitations provide that "Pursuant to SCPA 702 and Uniform Rules for Surrogate's Court 207.38, no final compromise of any wrongful death action without prior application to the surrogate for leave to compromise said action(s) or proceeding(s) and obtaining an order form the surrogate approving said compromise and distribution of proceeds, if any." Said Letters are in force to date and have not been revoked. A copy of the Letters of Administration is annexed hereto as "Exhibit C".

6. The decedent, VICTOR PARK CASTILLO, at the time of his death was 28 years of age having been born on ▮▮▮▮▮▮▮▮▮▮ and he was a resident of the United States.

7. The claim herein arose on January 25, 2010, when plaintiff-decedent **VICTOR PARK CASTILLO**, was a guest at the **TRUMP TAJ MAHAL** Casino in Atlantic City, New Jersey. He had gone with his wife JACQUELINE PARK CASTILLO to Atlantic City for the weekend. On the subject accident date, after an evening of dining and gambling with his wife, his wife decided to go back up to the hotel room to wait for plaintiff-decedent who wanted to continue to gamble. Upon information and belief, he was taken against his will from the TRUMP PREMISES and brought to the RODEWAY INN in Atlantic City. He thereafter was involved in an altercation at a room inside the RODEWAY INN where he was assaulted and ultimately suffocated and killed. The cause of death was determined to be "Aspyxia due to Physical Assault including Neck Compression." Attached hereto as "Exhibit D" is a copy of the autopsy report for VICTOR PARK CASTILLO.

8. The defendants PUGH and BELTON were thereafter criminally charged in the death of VICTOR PARK CASTILLO.

9. An action was commenced on January 24, 2012 in the UNITED STATES DISTRICT COURT EASTERN DIVISION OF NEW YORK for conscious pain and suffering and wrongful death of the decedent VICTOR PARK CASTILLO under Docket #: CV0352-12. Issued was thereafter joined on or about October 2, 2012. Copies of the pleadings are annexed hereto as "Exhibit E".

10. In this action for conscious pain and suffering and wrongful death sustained by VICTOR PARK CASTILLO, it was alleged that the defendants breached their duty of care and are directly and/or vicariously liable to Plaintiffs for negligently and carelessly failing to provide adequate security measures to prevent the attack of the plaintiff-decedent while a guest at their premises; in negligently and carelessly failing to install and/or surveillance equipment including cameras and monitors in their premises; in negligently and carelessly failing to warn the plaintiffs of the risk of assault and robbery when guests at their premises; in negligently and carelessly failing to hire, staff and train adequate security personnel to protect the plaintiffs and other hotel guests at their premises; in negligently and carelessly failing to properly monitor the ingress and egress of non-guests at their premises; in negligently and carelessly failing to hire, train, and supervise agents and employees at their premises about guest safety and crime prevention.

11. Interrogatories, discovery demands and responses were completed in this matter. There were never any depositions held.

12. During discovery, Defendant TRUMP exchanged surveillance video of casino which documented plaintiff's actions immediately before he walked out of the TRUMP casino. Said video shows plaintiff in the bar area of the casino, when he was approached by a female, believed to be defendant ERICKA PUGH. Plaintiff and defendant PUGH began speaking and then plaintiff is seen walking through the casino well ahead of defendant PUGH and walking out of the building. The video did not reveal any evidence that the plaintiff was attacked or assaulted while on TRUMP premises and as such, defendant TRUMP is not contributing to this settlement insofar as there is no evidence of liability against the TRUMP defendants.

4

13. The circumstances upon which the plaintiff left the TRUMP Casino and arrived at the RODEWAY INN is not known to the plaintiff or to the answering defendants. However, defendant PUGH testified during a plea deal on April 15, 2013, wherein Defendant PUGH pled guilty to second degree crime of reckless manslaughter, that the plaintiff came willingly with her to the RODEWAY INN. During the course of plaintiff's stay, an altercation broke out and defendant PUGH went and got defendant BELTON to get involved in the altercation and instigated the violent fight that ensued between defendant BELTON and plaintiff. Defendant BELTON then violently assaulted the plaintiff, beat him, put him in a headlock and asphyxiated the plaintiff. Defendant BELTON pled guilty to First degree crime of aggravated manslaughter on April 10, 2013. Defendants PUGH and BELTON have been sentenced to prison. They have not answered in the within action and they are not contributing to the settlement.

14. The claim against RODEWAY INN is its failure to protect its patrons, failure to provide adequate security measures, failure to prevent illegal activities on its premises, failure to monitor the ingress of its patrons who were engaging in illegal activities and failure to dangerous and illegal activities.

15. The attorneys attended numerous court conferences in this matter and were able to come to a settlement agreement with the attorneys for defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC. and ENSIGN MOTEL INC. d/b/a RODEWAY INN** in the amount of [REDACTED]

16. Your Affirmant believes that the settlement offer is fair and reasonable and it is in the best interest of the Estate to settle this action for the sum of ▮▮▮▮▮ against the defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN.** Other than defendant PUGH and BELTON, there are no other witnesses to the Plaintiff's actions on the night of January 25, 2010. Should this case go to trial, the plaintiff's estate is at great risk of losing on liability insofar as there could be adverse testimony by defendants PUGH and BELTON as to issues of contributory negligence, assumption of risk, plaintiff engaging in illegal activities, etc. which could jeopardize the recovery to the plaintiff's estate.

17. These risk were discussed at length with decedents wife JACQUELINE PARK CASTILLO and she wished to settle the action for ▮▮▮▮▮ in full settlement as against all defendants.

18. Plaintiff, VICTOR PARK CASTILLO, at the time of his death left surviving his wife JACQUELINE PARK CASTILLO who was born on ▮▮▮▮▮ and residing at ▮▮▮▮▮ his ▮▮▮▮▮ born on ▮▮▮▮▮ and residing at ▮▮▮▮▮ and his ▮▮▮▮▮ born on ▮▮▮▮▮ and residing at ▮▮▮▮▮.

19. Therefore, the Petitioner JACQUELINE PARK CASTILLO, as Administratrix of the Estate of VICTOR PARK CASTILLO advised your affirmant that she wanted to settle this action for the ▮▮▮▮▮ being offered and did not want to risk that sum with a jury verdict.

6

20. In view of the result achieved, your Affirmant ant requests that the Court approve the legal disbursements for NICHOLS & CANE LLP in the sum of ▮▮▮▮▮. A copy of an itemized list of the disbursements is annexed hereto as "Exhibit F."

21. As Administratrix of the Estate of VICTOR PARK CASTILLO, the Petitioner signed a standard negligence personal injury retainer agreement with NICHOLS & CANE LLP which provides for an attorney fee of 33 1/3 % of the total recovery after reimbursement of the disbursements. Therefore, your Affiant respectfully requests that the Court approve the attorneys fee in the sum of ▮▮▮▮▮ to NICHOLS & CANE LLP. Annexed hereto as "Exhibit G" is a copy of the signed retainer.

22. Pursuant to NEW YORK ESTATES, POWERS AND TRUST SECTION 4-1.1, insofar as the plaintiff-decedent was survived by his wife and ▮▮▮▮▮ the balance of the proceeds of the settlement going to the estate, after disbursements and attorneys fees, ▮▮▮▮▮ would be distributed as follows:

"**EPTL 4-1.1(a)(1) a spouse and issue, fifty thousand dollars and one-half of the residue to the spouse, and the balance thereof to the issue by representation.**"

Therefore, plaintiff's spouse JACQUELINE PARK CASTILLO would receive ▮▮▮▮▮ and ▮▮▮▮▮ which totals ▮▮▮▮▮ would receive ▮▮▮▮▮ and ▮▮▮▮▮ would receive ▮▮▮▮▮

7

23. Therefore the total settlement would be disbursed as follows:



■■■ Settlement offer
- ■■■ disbursements
■■■ attorneys fees (1/3)
 Balance to the Estate
■■■ to Jacqueline Park Castillo
■■■ to Jacqueline Park Castillo
■■■ to ■■■
■■■ to ■■■
-0-

24. VICTOR PARK CASTILLO did not receive public assistance nor did he receive Medicaid benefits.

25. VICTOR PARK CASTILLO's funeral costs were paid by JACQUELINE PARK CASTILLO.

26. JACQUELINE PARK CASTILLO is of sound mind and full age and is a citizen of the United States.

27. Your Affirmant respectfully requests that the Court approve the settlement of this matter for the sum of ■■■ and the Court grant the plaintiff leave to settle the action for conscious pain and suffering against the defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN** for the sum of ■■■ Annexed hereto as Exhibit H is defendants offer letter.

Based upon the findings of the autopsy report, the manner of death, and the multiple bruises, contusions, and asphyxiation, it is clear that the plaintiff sustained considerable pain and suffering immediately prior to his death. The manner in which said proceeds would be distributed pursuant to EPTL 4-1.1 is set forth in paragraph 17 above.

28. It is requested that after deduction of attorneys fees and disbursements, the balance of the settlement proceeds be held in escrow by your affirmant pending the issuance of a Decree by the Surrogates Court of Queens County regarding the distribution of the balance of the settlement proceeds.

29. In view of the aforementioned settlement, it is requested that the Court grant leave to the plaintiff to discontinue the claims against all defendants.

30. There are no other persons interested in this proceeding.

31. This application was previously made on June 2, 2014 and this Supplemental affirmation is being submitted in further support of the prior application.

32. Neither your affirmant nor anyone in my office has become interested in the within matter at the instance of defendants or anyone acting on defendants behalf, directly or indirectly.

WHEREFORE, your affirmant respectfully requests that an Order be issued as follows:

a. Modifying the Letters of Administration issued to plaintiff, authorizing and empowering the plaintiff JACQUELINE PARK CASTILLO, as Administratrix of the Estate of VICTOR PARK CASTILLO, deceased, to compromise and settle a certain claim for wrongful death and conscious pain and suffering by the decedent against the defendants **RODEWAY INN,**

CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN for the total sum of $450,000.00 being paid within 21 days of receipt of the Executed settlement documents; and

    b. Authorizing and approving reimbursement for legal disbursements incurred by NICHOLS & CANE LLP from the settlement proceeds in the sum of ███████; and

    c. Authorizing and approving the legal fee payable to NICHOLS & CANE LLP from the settlement proceeds in the sum of ███████

    d. Directing the defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN** and/or their representatives, to pay NICHOLS & CANE LLP out of the settlement proceeds, the sum of ███████ for reimbursement of their disbursements; and

    e. Directing the defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN** and/or their representatives, to pay NICHOLS & CANE LLP out of the settlement proceeds, the sum of ███████ for full payment of their legal fees; and

    f. Directing the defendants **RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN** and/or their representatives to pay the balance of the settlement proceeds in the sum of

██████ to JACQUELINE PARK CASTILLO as Administratrix of the Estate of VICTOR PARK CASTILLO and NICHOLS & CANE LLP as attorneys, to be held in escrow pending the issuance of a Decree by the Surrogates Court of Queens County regarding the distribution of the net estate settlement proceeds; and

g. Authorizing and directing the petitioner JACQUELINE PARK CASTILLO, as Administratrix of the Estate of VICTOR PARK CASTILLO, to discontinue the actions against ALL the defendants and execute the necessary papers to the defendants, releasing them from all claims against them arising out of the aforesaid causes of action, together with any other papers necessary to effectuate said compromise; and

h. Authorizing and directing the petitioner JACQUELINE PARK CASTILLO, as Administratrix of the Estate of VICTOR PARK CASTILLO, to execute and deliver general releases and all other necessary papers to the defendants **TRUMP ENTERTAINMENT RESORTS, INC.,TRUMP TAJ MAHAL, TRUMP TAJ MAHAL INC. d/b/a/ TRUMP TAJ MAHAL and TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT, RODEWAY INN, CHOICE HOTELS INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. d/b/a RODEWAY INN, ENSIGN MOTEL, INC., ENSIGN MOTEL INC. d/b/a RODEWAY INN,** releasing them from all claims against them arising out of the aforesaid causes of action, together with any other papers necessary to effectuate said compromise; and

i. Such other and further relief as to this Court may deem just and proper.

Dated: Syosset, New York
June 17, 2014

*signature*
REGINA A NICHOLS (RN9762)